**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RICKY TYRONE FOSTER,

Petitioner,

vs.

ROSIE B. GARCIA, Warden,

Respondent.

/

CASE NO. CV-F-99-5748 OWW DLB HC

ORDER DENYING PETITIONER'S REQUEST FOR STAY TO AMEND PETITION WITH NEW CLAIM

[Doc. 142]

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on May 28, 1999. Respondent filed an answer on November, 12, 2003. Petitioner filed a traverse on February 26, 2004, and a supplemental traverse on August 27, 2004. The petition is currently pending review before this Court.

On June 14, 2005, Petitioner filed a new motion to stay the proceedings and hold the petition in abeyance pending exhaustion of new claims. Respondent filed an opposition on December 9, 2005. Petitioner filed a reply on January 3, 2006.

Petitioner attempts to raise a new claim based on a new rule of constitutional law and indicates that he has filed a petition for writ of habeas corpus in the Fresno County Superior Court contemporaneously with the instant request in order to exhaust his state court remedies. In attempting to raise a new claim Petitioner relies on the United States Supreme Court's decisions in Blakely v.

Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005).

As recently discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal petition. Rhines v. Weber, 125 S.Ct. 1528 (2005). The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Petitioner has failed to demonstrate good cause for his failure to exhaust this claim. Petitioner comes now with a new claim based on Blakely. Blakely was decided on June 24, 2004. Yet, as Respondent submits, Petitioner waited seventeen months before filing a petition for writ of habeas corpus in state court and before requesting this stay. Booker was decided on January 12, 2005. Booker applied Blakely to the Federal Sentencing Guidelines, and being that Petitioner was tried and sentenced in state court, the Court fails to see how this claim could be controlled by Booker rather than Blakely. In any event, as Respondent submits, ten months passed from the time Booker was decided until this request. Petitioner does not explain why he did not take action to present his claim promptly after Blakely was decided.

Even had Petitioner made a sufficient showing of good cause, Petitioner's new claim is plainly meritless and this Court would abuse its discretion if it granted a stay to permit exhaustion of this claim. Rhines, 125 S.Ct. at 1535. First, Petitioner's Blakely claim does not relate back to his original petition, because it does not rely on a "common 'core of operative facts'" as his original claims. Mayle v. Felix, 125 S.Ct. 2562, 2572 (2005) (quoting Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n.29 (9th Cir. 1982). Nor is it timely in its own right under the AEDPA limitation period. Even assuming that the one-year limitations period did not begin to run for this claim until Blakely was decided, see 28 U.S.C. § 2244(d)(1)(C), it expired on June 24, 2005, more than five months ago.

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

Moreover, this Court can never reach the merits of Petitioner's claim because Blakely and Booker were decided long after Petitioner's conviction became final on November 27, 1995.[2] The holdings establish new procedural rules that do not apply retroactively to cases on collateral review. United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Shardt v. Payne, 414 F.3d 1025, 1027, 1038 (9th Cir. 2005); Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004). Thus, Petitioner's claim is "plainly meritless" and does not warrant a stay. Rhines, 125 S.Ct. at 1535.

Based on the foregoing, Petitioner's motion to stay is DENIED.

IT IS SO ORDERED.

**Dated: January 24, 2006** **/s/ Dennis L. Beck**
3b142a UNITED STATES MAGISTRATE JUDGE

[2] Petitioner's petition for review in the California Supreme Court was denied on August 29, 1995. (Answer, Exhibit F.)