UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER, | CV F  99-5748 OWW DLB HC |
| Petitioner, | ORDER CONSTRUING PETITIONER'S OBJECTIONS FILED MARCH 2, 2006, AS MOTION FOR RECONSIDERATION AND DENYING SAID MOTION |
| v. | |
| ROSIE B. GARCIA, Warden, | [Doc. 146] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This case is ready for review on the merits, as Respondent filed an answer on November 12, 2003, and Petitioner filed a traverse on February 26, 2004.  (Court Docs. 127, 134.)

On November 30, 2005, Petitioner filed a motion to stay the petition pending exhaustion of a new claim in state court.  (Court Doc. 142.)  On December 9, 2005, Respondent filed an opposition to Petitioner's motion.  (Court Doc. 143.)  On January 3, 2006, Petitioner filed a reply to Respondent's opposition.  (Court Doc. 144.)  On January 25, 2006, the Magistrate Judge assigned to this action denied Petitioner's motion to stay.  (Court Doc. 145.)

On March 2, 2006, Petitioner filed "objections" to the Magistrate Judge's January 25, 2006, order denying his motion to stay.  (Court Doc. 146.)  The Court construes Petitioner's "objections" as a motion for reconsideration of the Magistrate Judge's ruling pursuant to Local Rule 72-303(c).

1

1    Local Rule 72-303(c) states:

2    A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge with the Clerk and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection. . . .

In order for Petitioner to succeed on a motion for reconsideration, he must demonstrate that the Magistrate Judge's ruling is "clearly erroneous or contrary to law." Local Rule 72-303(f); see also Fed. R. Civ. P. 72(a).

Petitioner has failed to meet his burden. As stated by the Magistrate Judge, the holdings in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) were decided long after Petitioner's conviction became final on November 27, 1995, and the holdings establish new procedural rules that do not apply retroactively to cases on collateral review. United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Shardt v. Payne, 414 F.3d 1025, 1027, 1038 (9th Cir. 2005); Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004). As such, Petitioner has not, and cannot, demonstrate that the Magistrate Judge's ruling is "clearly erroneous or contrary to law," and his motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   October 10, 2006**          **/s/ Oliver W. Wanger**
emm0d6                                   UNITED STATES DISTRICT JUDGE